UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                                    CIVIL ACTION

WAYNE MICHAEL MERCADAL, JR.                         NO. 12-35

DEBTOR                                              SECTION "H"(1)


## ORDER & REASONS

Appellant Wayne Michael Mercadal, Jr.'s attorney, Mary McPherson ("McPherson"), appeals the bankruptcy court's sanctions against her for failure to appear at a hearing in the underlying bankruptcy proceedings. This Court finds that the bankruptcy court abused its discretion in sanctioning Appellant's attorney. The bankruptcy court's order sanctioning McPherson is REVERSED and its imposition of sanctions is VACATED.


## BACKGROUND

This matter is an appeal from an order of the bankruptcy court issuing sanctions against McPherson. The bankruptcy court denied confirmation of the debtor's Chapter 13 plan. Subsequently, the trustee filed a motion to dismiss based on the court's denial of confirmation.

1

Concurrent with the motion to dismiss, the trustee filed a notice of hearing which stated: "If an objection is timely filed and served, a hearing on the motion shall be held on: November 08, 2011 at 9:00 a.m." (R. Doc. 3-2.) No objection was filed, and McPherson did not appear for the November 8 hearing.

The bankruptcy court then issue a show cause order requiring McPherson to appear on November 22, 2011, and show cause as to why she failed to appear at the November 8 hearing. Following the hearing, the bankruptcy court issued an order imposing sanctions in the amount of $350.00 for failure to appear. McPherson timely paid the sanctions against her and timely filed notice of appeal on January 6, 2012. (R. Doc. 1.) McPherson filed her Appellant's brief challenging the sanctions on January 23, 2012. (R. Doc. 3.)

**LEGAL STANDARD**

A district court reviewing the decision of a bankruptcy court acts as an appellate court and applies the standard of review that a federal court of appeals would use. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Whether to impose sanctions is a matter within the discretion of the bankruptcy court and is therefore reviewed for abuse of discretion. *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). The abuse of discretion standard gives lower courts significant deference. *Jones v. Wells Fargo Bank N.A.*, 2010 WL 3398849, at *4 (E.D. La. Aug. 24, 2010) (quoting *Hook v. Morrison Milling Co.,* 38 F.3d 776, 786 (5th Cir. 1994)). "Generally, an abuse of discretion only

2

occurs where no reasonable person could take the view adopted by the trial court." *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 578 (5th Cir. 2002) (internal citations omitted).

## LAW & ANALYSIS

The Court finds that the bankruptcy court abused its discretion in issuing sanctions against McPherson. "To support an award of sanctions under its inherent power, '[a] court must make a specific finding that the sanctioned party acted in bad faith.'" *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 304 (5th Cir. 2009) (internal citations omitted). "The threshold for the use of inherent power sanctions is high." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). "Indeed, the Supreme Court has cautioned that 'because of their very potency, inherent powers must be exercised with restraint and discretion.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

Here, the bankruptcy court did not make the required finding that McPherson acted in bad faith. In addition, the notice of hearing for the November 8 hearing specifically stated that a hearing would be held "[i]f an objection [was] timely filed and served . . . ." As no objection was filed, and no other order on the record required McPherson's appearance, a reasonable person could not take the view that McPherson acted in bad faith when she failed to appear at the November 8 hearing. Accordingly, the bankruptcy court's order imposing sanctions against

3

McPherson is reversed.

**CONCLUSION**

This Court finds that the bankruptcy court abused its discretion in sanctioning McPherson. Accordingly, the bankruptcy court's order sanctioning McPherson is reversed and its imposition of sanctions is vacated.

New Orleans, Louisiana, this 23rd day of July, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE